UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID STOUDEMIRE, | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:25-cv-291-RDP-GMB |
| CHRISTOPHER GORDY, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner David Stoudemire filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The Magistrate Judge entered a Report and Recommendation on October 29, 2025, recommending that the petition be dismissed with prejudice. (Doc. 14). Stoudemire has filed objections. (Doc. 15).

The Magistrate Judge concluded that Stoudemire's federal habeas petition is untimely. (Doc. 14). In his objections, Stoudemire does not dispute that his petition is untimely. It is more than a decade late. (*See* Doc. 14 at 10). Instead, he argues that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "circumvent[s] the 14th Amendment and the 13th Amendment" and "must be repealed" because it "allow[s] a[n] innocent man to be treated like a slave." (Doc. 15 at 2). The problem for Stoudemire, however, is that he has not made any argument in his objections to support his actual innocence. (*See* Doc. 15).

In considering the totality of the evidence in the record, the Magistrate Judge correctly concluded that Stoudemire did not satisfy the demanding actual innocence standard in *Schlup v. Delo*, 513 U.S. 298 (1995). Thus, Stoudemire's claim of actual innocence does not excuse the untimeliness of his petition.

After careful consideration of the record in this case and the Magistrate Judge's Report and Recommendation, the court **ADOPTS** the Report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds that petition for writ of habeas corpus is due to be dismissed with prejudice.

A final judgment will be entered.

This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The court finds the petitioner's claims do not satisfy either standard.

**DONE** and **ORDERED** this January 26, 2026.

                                                                  _____
                                                                  **R. DAVID PROCTOR**
                                                                  SENIOR U.S. DISTRICT JUDGE